**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ROBERT GLENN<br><br>Plaintiff,<br><br>v.<br><br>HMD TRUCKING, INC. and<br>CRISTIAN GISCA<br><br>Defendants. | CIVIL ACTION NO.<br>1:18-cv-04410-ELR |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

COME NOW, Defendants HMD Trucking, Inc. and Cristian Gisca (collectively "Defendants") and file this Brief in Support of Motion for Partial Summary Judgment as to Plaintiff's punitive damages claims against both Defendants, as well as to Plaintiff's negligent hiring, qualifying, training, entrusting, supervising and retaining claims against HMD (hereinafter and collectively, "Defendants' Motion"), and show the Court the following:

## I. PRELIMINARY STATEMENT AND INTRODUCTION

This case arises from a straightforward automobile accident between Plaintiff and Defendant Cristian Gisca ("Gisca"), who was operating a tractor-trailer on behalf of Defendant HMD Trucking, Inc. ("HMD"). (Compl. ¶¶ 1, 14, 15, 20.) The facts and claims presented in this case are not complex. The claims

asserted by Plaintiff against Gisca include negligence and negligence per se (Compl. ¶¶ 48-50), attorneys' fees and litigation expenses (Compl. ¶¶ 88, 89) and punitive damages. (Compl. ¶¶ 91, 92.) The claims asserted against HMD include negligence under the doctrine of respondeat superior (Compl. ¶ 63), negligence in connection with hiring, qualifying, training, entrusting, supervising and retaining Gisca (Compl. ¶ 74), attorneys' fees and litigation expenses (Compl. ¶¶ 88, 89) and punitive damages. (Compl. ¶¶ 91, 92.) In its Answer, Defendant HMD admitted that Gisca was an agent of HMD at the time in question and was acting within the course and scope of said agency. (Answer ¶¶ 58, 59.)

As the record and the applicable authority discussed herein will establish, there is no evidence to support Plaintiff's claims for punitive damages, nor are there any genuine issues of material fact remaining that could preclude entry of judgment as a matter of law as to those claims. Partially as a product thereof, Plaintiff's claim against HMD for negligence in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant Gisca similarly cannot be sustained and is subject to summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Fed. R. Civ. P. 56(c) provides for summary judgment when the moving party demonstrates there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. See

McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1257 (11th Cir. 2002). After the moving party meets this initial burden, the non-moving party must demonstrate "*specific facts* showing there is a genuine issue for trial." See Fed. R. Civ. P. 56(e) (emphasis added); see also Celotex Corp v. Catrett, 477 U.S. 317, 322-23 (1986).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." See Celotex Corp., 477 U.S. at 322; see also Parks v. City of Warner Robins, 43 F.3d 609, 612 (11th Cir. 1995). The non-moving party's failure to offer proof in support of an essential element of his or her case will render all other facts immaterial. See Celotex Corp., 477 U.S. at 323. Indeed, "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the evidence favoring the non-moving party is "merely colorable" or is "not significantly probative," the Court should grant summary judgment. Id. at 249-50; see also Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002).

## III. ARGUMENT AND CITATION OF AUTHORITY

In this diversity action, Georgia's substantive law governs Plaintiff's specified negligence and punitive damages claims because the federal district court

hearing the case sits in the Northern District of Georgia with proper venue, and the majority of the events giving rise to the action took place in Georgia. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 77 (1938); see also Bruce v. Classic Carrier, Inc., No 1:11-CV-1472-JEC-JCF, 2012 U.S. Dist. Lexis 191805, at *7-8 (N.D. Ga. Dec. 14, 2012). Here, the topics at issue are inseparably intertwined. As will be shown, Plaintiff's negligent hiring, training, supervision, entrustment and retention claims survive only if Plaintiff has a valid claim for punitive damages. Thus, because Plaintiff's punitive damages claims cannot be sustained, both the punitive damages claim and Plaintiff's negligent hiring, training, supervision, entrustment and retention claims are subject to summary judgment.

## A. There Is Insufficient Evidence to Support Plaintiff's Claims for Punitive Damages

### 1. Plaintiff's Punitive Damages Claim Against Gisca

Defendants' Statement of Facts sets forth the facts underlying Plaintiff's Complaint and the automobile accident which gave rise to this lawsuit. Summarized succinctly, a stalled vehicle in the roadway caused vehicles to swerve into the lane of travel of Defendant Gisca, who reacted by moving into Plaintiff's lane and colliding with Plaintiff's vehicle.[1] (Compl. ¶ 23; Pl.'s Dep. 35:4-11, May

[1] On November 30, 2018, Defendants filed their Notice of Non-Party Fault [Doc. 16] as to the unknown drivers of the vehicles who caused the at-issue collision, including the operator of the vehicle that blocked a right lane of traffic, as well as the operator(s) of vehicle(s) which swerved into the lane occupied by Defendant Gisca.

30, 2019; Pl.'s Dep. Ex. 1, attached as Ex. A.)

Specifically, there is no dispute that the series of events leading to the accident began not with any act or omission of Plaintiff or Gisca, but with a stalled vehicle in the right lane of the interstate. (Compl. ¶ 22; Pl.'s Dep. 36:12-17.) Other vehicles then began to build behind the stalled vehicle, and Plaintiff testified that those vehicles impatiently began trying to move around the stalled vehicle. (Pl.'s Dep. 36:12-17.) When one of the vehicles swerved into Gisca's lane, Gisca sought to avoid that vehicle by moving into the lane occupied by Plaintiff, resulting in the collision. (Compl. ¶ 23; Pl.'s Dep. 35:4-11; Pl.'s Dep. Ex. 1.)

Georgia law provides for punitive damages by statute, which are awardable "only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1. For "cases involving automobile collisions, punitive damages are authorized when the accident results from a pattern or policy of dangerous driving, such as excessive speeding or driving while intoxicated, but not when a driver simply violates a rule of the road." Amoateng v. Nickerson, No. 1:16-CV-01098-RWS, 2017 U.S. Dist. LEXIS 194552, at *5-6 (N.D. Ga. Nov. 27, 2017) (quoting Lindsey v. Clinch Cty. Glass, Inc., 312 Ga. App. 534, 535, 718 S.E.2d 806, 807 (2011)). "Accordingly, a

defendant's mere negligence or even gross negligence such as his violation of a rule of the road will never support an award of punitive damages." Clark v. Irvin, No. 1:09-CV-101 (WLS), 2011 U.S. Dist. LEXIS 165577, at *17 (M.D. Ga. May 31, 2011).

Here, the allegations against Gisca set forth in Plaintiff's Complaint are fairly characterized as allegations of "mere negligence." Plaintiff can present no evidence of a pattern of dangerous driving akin to excessive speeding or driving while intoxicated. See Amoateng, 2017 U.S. Dist. LEXIS 194552, at *5-6. Rather, Plaintiff repeatedly acknowledges that the accident occurred when Gisca attempted to avoid a vehicle swerving into Gisca's lane. (Compl. ¶ 23; Pl.'s Dep. 35:4-11; Pl.'s Dep. Ex. 1.) In fact, in the statement given to the Henry County Police Department, Plaintiff himself states that Gisca's "truck swerved into our lane…in an attempt to dodge another vehicle who swerved from the far right lane into [Gisca's] middle lane." (Pl.'s Dep. Ex. 1.)

Although Plaintiff cannot present evidence to support its allegations of negligence per se, even assuming, *arguendo*, that Gisca violated one of more rules of the road, this is insufficient to support a claim of punitive damages. Amoateng, 2017 U.S. Dist. LEXIS 194552, at *5-6. To the extent Plaintiff alleges that some act or omission of Gisca constituted gross negligence, that allegation also falls

short as a basis for an award of punitive damages. See Clark, 2011 U.S. Dist. LEXIS 165577, at *17.

2. Plaintiff's Punitive Damages Claim Against HMD

*i. Punitive Damages Arising from Respondeat Superior*

In light of the complete absence of evidence to support a claim of punitive damages against Gisca under Georgia law, Plaintiff's punitive damages claim against HMD is likewise subject to summary judgment. Although Plaintiff's rationale in seeking punitive damages against HMD remains unclear, neither Plaintiff's respondeat superior claim nor his claim against HMD for allegedly negligent hiring, qualifying, training, entrusting, supervising and retention will support a punitive damages award in favor of Plaintiff.

With regard to the respondeat superior claim, Georgia law provides that "an employer's respondeat superior liability includes liability for punitive damages if the employee's wrongful conduct was sufficient to permit such damages." Johnson v. Allen, 272 Ga. App. 861, 869, 613 S.E.2d 657, 663 (2005). However, as highlighted above, there is no evidence in the record to support such an award as to Gisca, and therefore punitive damages cannot be awarded against HMD on the basis of respondeat superior.

### *ii. Punitive Damages Arising from Claim for Negligent Hiring, Qualifying, Training, Entrusting, Supervising and Retention*

As to Plaintiff's claim for negligent hiring, qualifying, training, entrusting, supervising and retention, such a claim can serve as the basis for punitive damages only in very limited circumstances. As this Court has summarized, "[a] plaintiff can sustain a claim for punitive damages for negligent hiring 'only by showing that an employer had actual knowledge of numerous and serious violations on its driver's record, or, at the very least, when the employer has flouted a legal duty to check a record showing violations.'" Karr v. Celadon Trucking Servs., No. 1:16-CV-02587-LMM, 2017 U.S. Dist. LEXIS 224326, at *17 (N.D. Ga. Nov. 3, 2017) (quoting W. Indus., Inc. v. Poole, 280 Ga. App. 378, 380, 634 S.E.2d 118, 121 (2006)). The Middle District of Georgia has recognized that in cases of "negligent hiring, supervision, and retention . . . Georgia courts have granted summary judgment on punitive damages where the evidence shows that the employer complied with federal regulations and investigated the background of its drivers." Ortiz v. Wiwi, Civil Action No. 3:11-CV-00033, 2012 U.S. Dist. LEXIS 137881, at *10 (M.D. Ga. Sep. 26, 2012).

Those narrow circumstances are not present in this case. Conversely, HMD investigated Gisca's background and assessed the findings of that investigation pursuant to HMD's company policies. Specifically, at the time of hire HMD obtained and reviewed Gisca's driving record. (HMD 30(b)(6) Dep. 31:15-25, Feb.

26, 2019, attached as Ex. B.) HMD determined Gisca was qualified to drive for HMD under company policies, utilizing the company's point system for driver qualification. (HMD 30(b)(6) Dep. 32:24-25; 33:1-16.) The driver history considered by HMD at the time of hire included a seat belt violation, a following too closely violation, and maintenance issues. (HMD 30(b)(6) Dep. 33:1-16.) All out of service violations on Gisca's driving record were for maintenance issues when he was driving for companies that utilized old equipment, whereas HMD only ran new equipment. (HMD 30(b)(6) Dep. 33:13-20.) While Gisca did receive several equipment violations when he worked for his prior employers, it is undisputed that there were no maintenance issues with HMD's tractor that contributed to the subject accident. *Cf* Karr., 2017 U.S. Dist. LEXIS 224326, at *20-21 (finding summary judgment on punitive damage claim stemming from negligent hiring was not appropriate where the truck driver failed a sobriety test following the accident and his employer failed to properly investigate the driver's criminal history which would have revealed a prior work related DUI, which is a serious offense). Gisca did not have any disciplinary record with HMD prior to the at-issue collision. (HMD 30(b)(6) Dep. 55:2-25; 56:1-2.)

Thus, it is apparent from the evidentiary record that HMD appropriately investigated Gisca prior to his agency and that Gisca's driving record before the at-issue collision showed no evidence of any serious violations that would render him

"incompetent or habitually reckless." Ortiz, 2012 U.S. Dist. LEXIS 137881, at *13. Because this case involves neither the disregard of a legal duty to investigate Gisca nor a history of serious driving violations, Plaintiff cannot maintain a punitive damage claim against HMD on the basis of its claim for negligent hiring, qualifying, training, entrusting, supervising and retention. Rather, it being established that HMD complied with federal regulations and investigated Gisca, HMD is entitled to summary judgment as to punitive damages arising from Plaintiff's claim for negligent hiring, qualifying, training, entrusting, supervising and retention.

**B. Summary Judgment Is Warranted as to Plaintiff's Negligent Hiring, Qualifying, Training, Entrusting, Supervising and Retention Claims**

In addition to asserting that HMD is vicariously liable for the acts of Gisca, Plaintiff's Complaint sets forth separate negligent hiring, qualifying, training, entrusting, supervising and retention claims against HMD. In its Answer to Plaintiff's Complaint, HMD admits Gisca was an agent of HMD, and was acting within the scope of his agency at all relevant times. (Answer ¶¶ 58, 59.)

"Generally, when an employer admits the applicability of respondeat superior, it is entitled to summary judgment on claims for negligent entrustment, hiring, and retention." Ortiz, 2012 U.S. Dist. LEXIS 137881 at *8 (quoting Durben v. Am. Materials, 232 Ga. App. 750, 751, 503 S.E.2d 618 (1998); see also Kelley v. Blue Line Carriers, LLC, 300 Ga. App. 577, 580, 685 S.E.2d 479 (2009)

(quoting same). This tenet of law arises because claims for negligent entrustment, hiring, and retention would only prejudice an employer when respondeat superior is also alleged, and would not entitle a plaintiff to a greater recovery. See Ortiz, 2012 U.S. Dist. LEXIS 137881, at *8 (granting summary judgment to trucking company that admitted responsibility under respondeat superior); see also Kelley, 300 Ga. App. at 581 (holding same). HMD, similar to the defendants in Ortiz and Kelley, has admitted the applicability of respondeat superior (while denying that Gisca was in any way negligent). Therefore, HMD is entitled to summary judgment with regard to Plaintiff's claims of negligent hiring, qualifying, training, entrusting, supervising and retention. Id.

While there is an exception to this entitlement to summary judgment, the exception is not applicable in this case. When a plaintiff presents a valid claim for punitive damages against an employer stemming from allegations of independent negligence in hiring and retaining an employee, or entrusting a vehicle to an employee, the employer is not automatically entitled to summary judgment by virtue of its admission that respondeat superior applies. See Ortiz, 2012 U.S. Dist. LEXIS 137881, at *8-10; see also Karr, 2017 U.S. Dist. LEXIS 224326, at *15 ("[I]n order for Plaintiffs' negligent hiring/retention claim to survive, Plaintiffs must show they have a valid claim for punitive damages based on that same claim.")

However, as detailed above, Plaintiff cannot support its punitive damages claim against HMD on the basis of negligent hiring, qualifying, training, entrusting, supervising and retention. See Karr, 2017 U.S. Dist. LEXIS 224326, at *17 (stating punitive damages require "actual knowledge of numerous and serious violations on its driver's record, or, at the very least, when the employer has flouted a legal duty to check a record showing violations"). As a result, and because HMD is thus entitled to summary judgment as to the punitive damages claim asserted by Plaintiff, HMD is likewise entitled to summary judgment on Plaintiff's claim for negligent hiring, qualifying, training, entrusting, supervising and retention. Id. at *15.

## IV. CONCLUSION

This is not a punitive damages case. It is undisputed that the underlying collision occurred after one or more vehicles swerved into Gisca's lane and he sought to avoid them by moving into the lane occupied by Plaintiff. At most, these facts may be used to support the allegation of simple negligence on the part of Gisca. However, mere negligence or even gross negligence will not support a claim of punitive damages on the basis of Gisca's acts or omissions.

There are no genuine issues of material fact remaining as to how the accident occurred. Thus, Plaintiff cannot present evidence to make colorable his claim that Gisca's actions "showed willful misconduct, malice, fraud, wantonness,

oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1. Gisca is therefore entitled to summary judgment on the claim for punitive damages asserted against him, and HMD is likewise entitled to summary judgement on Plaintiff's claim for punitive damages arising from respondeat superior.

HMD is also entitled to summary judgment as to Plaintiff's punitive damages claim premised on negligent hiring, qualifying, training, entrusting, supervising and retention. As detailed above, the limited factual circumstances required to sustain a claim of punitive damages on that basis are not present in this case.

As to the substance of Plaintiff's negligent hiring, qualifying, training, entrusting, supervising and retention claims, Georgia law recognizes the entitlement to summary judgment on such claims where an employer has acknowledged the application of respondeat superior. Here, HMD admits that Gisca was acting in the course and scope of his agency at the time relevant to Plaintiff's claims, so HMD is entitled to summary judgment on Plaintiff's claims for negligent hiring, qualifying, training, entrusting, supervising and retention.

**RESPECTFULLY SUBMITTED** this 2nd day of January, 2020.

O'DANIEL McDONALD, LLC

/s/ Clay S. O'Daniel
Clay S. O'Daniel
Georgia Bar No. 843070
Matthew R. Johnson
Georgia Bar No. 940675
9040 Roswell Road, Suite 500
Atlanta, GA 30350
(404) 419-6300
(404) 419-6301 (fax)
*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This document has been prepared in Times New Roman font, 14 point.

O'DANIEL McDONALD, LLC

/s/ Clay S. O'Daniel
Clay S. O'Daniel
Georgia Bar No. 843070

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the Brief in Support of Defendants Motion for Partial Summary Judgment with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Brian T. Mohs
Fried Rogers Goldberg, LLC
Three Alliance Center
3550 Lenox Road, NE, Suite 1500
Atlanta, GA 30326

*Counsel for Plaintiff*

Cooper F. Spence
Cooper F. Spence Attorney at Law, LLC
5447 Roswell Road, NE
Atlanta, GA 30342

*Counsel for Plaintiff*

This 2nd day of January, 2020.

s/ Clay S. O'Daniel
Clay S. O'Daniel