**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ROBERT GLENN<br><br>Plaintiff,<br>v.<br><br>H M D TRUCKING, INC. and<br>CRISTIAN GISCA<br><br>Defendants. | Civil Action No. 1:18-cv-04410-ELR |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGEMENT**

COMES NOW, ROBERT GLENN, Plaintiff in the above-styled action, by and through his undersigned counsel, and files this Response in Opposition to Defendants' Motion for Partial Summary Judgment and showing this Honorable Court as follows.

## I. INTRODUCTION

Defendants' renewed motion for partial summary judgment should be denied. From December 1, 2015 to June 26, 2016, Defendant HMD's driver, Defendant Gisca, had **twenty (20) driving citation/violations** and **seven (7) out-of-service orders**. Defendant HMD knew or should have known that Defendant Gisca had dangerous propensities that made him ill-suited to be entrusted with operating a commercial motor vehicle more than 26,001 lbs. Plaintiff's claims for negligent

hiring, retention, supervision, and entrustment must be viewed under the far less restrictive pure negligence standard rather than the heightened punitive damages standard. See O.C.G.A. § 34-7-20 ("The employer is bound to exercise ordinary care in the selection of employees and not to retain them after knowledge of incompetency . . ."). Under Georgia law, "negligence is a question for the jury . . . " See, e.g., Krystal Co. v. Butler, 149 Ga. App. 696, 697 (1979). Stated differently, what amounts to the exercise of ordinary care under all the circumstances is a question for the jury. Hand v. Harrison, 99 Ga. App. 429, 108 S.E.2d 814 (1959); Long v. Adams, 175 Ga. App. 538, 540 (1985). Specifically, whether the employer's negligent, hiring, qualifying, retention, and supervision of an employee caused the victims injury is "usually a jury question . . ." Underberg v. Southern Alarm, Inc., 284 Ga. App. 108, 113 (2007); Govea v. City of Norcross, 271 Ga. App. 36, 44 (2004).

Here, the Court should deny Defendants' renewed motion for partial summary judgment because there is a genuine dispute as to whether Defendant HMD was negligent in hiring, qualifying, retaining, supervising, and entrusting Defendant Gisca. The evidence on the record shows that Defendant Gisca's driving history included **twenty (20) citations/violations** of state or federal law and **seven (7) out-of-service orders** in the twenty months immediately before he was hired by Defendant HMD. At the very least, this evidence creates a jury issue as to whether

Defendant HMD acted negligently by hiring, retaining, and/or entrusting a driver to operate commercial motor vehicles under their motor carrier authority while knowing he had a driving history that affirmatively showed dangerous driving propensities. For all of these reasons, as discussed in greater detail below, the Court should deny Defendants' motion.

## II. STATEMENT OF FACTS

The Subject Collision & Citation to Defendant Gisca

This case arises out of a motor vehicle collision that occurred on September 6, 2016 on Interstate 75 in Stockbridge, Georgia involving a tractor-trailer being operated by Defendant Gisca and a vehicle being operated by Plaintiff Robert Glenn. See Complaint [Dkt. 1-1] at ¶ 10 – 34; Cristian Gisca's Answer [Dkt 3] at ¶ 11 – 19, 21 – 23; HMD Trucking, Inc.'s Answer [Dkt. 4] at ¶ 12 – 19, 21 – 23. At the time of the collision, Defendant Gisca was operating the tractor-trailer in the course and scope of his agency with Defendant HMD Trucking, Inc. ("HMD"), an interstate motor carrier. See Deposition of Cristian Gisca at P. 10, Li. 4 – 14; a copy of which is attached hereto as Exhibit A.

Defendant Gisca's Driving History

| | **Date** | **State** | **Violation** |
|---|---|---|---|
| 1 | Dec. 1, 2015 | AZ | Failing to use seatbelt while operating CMV (392.16) |
| 2 | June 19, 2015 | WA | U-Turns Restricted |
| 3 | Jan. 20, 2016 | OR | Windshield wipers inoperative/defective (393.78) |
| 4 | Jan. 20, 2016 | OR | Inoperative turn signal (393.9(a)) |
| 5 | Jan. 20, 2016 | OR | Following too close (392.2) |

| | | | |
|---|---|---|---|
| 6 | Feb. 5, 2016 | TX | Clamp or roto type brake out of adjustment (393.47(e)) |
| 7 | Feb. 5, 2016 | TX | Failing to secure vehicle equipment (392.9(a)(2)) - **OOS** |
| 8 | Feb. 5, 2016 | TX | Airbrake system violation (393.53(b)) |
| 9 | April 13, 2016 | CA | Hubs – Wheel seal leaking – Outer Wheel (396.5(b)) – **OOS** |
| 10 | April 13, 2016 | CA | Registration/License Plate Violation (392.2) |
| 11 | April 13, 2016 | CA | Clamp or Roto type brake out of adjustment (393.47(e)) |
| 12 | April 15, 2016 | OH | Fuel use permit violation (Section 5728.02 of OH code) |
| 13 | April 18, 2016 | US | Flat tire or fabric exposed (393.75(a)) - **OOS** |
| 14 | April 18, 2016 | US | Inadequate brakes for safe stopping (393.47(a)) - **OOS** |
| 15 | April 18, 2016 | US | Inadequate brakes for safe stopping (393.47(a)) – **OOS** |
| 16 | April 18, 2016 | US | Inadequate brakes for safe stopping (393.47(a)) – **OOS** |
| 17 | April 18, 2016 | US | Insurance violation (387.7(a)) |
| 18 | June 25, 2016 | PA | No or improper load securement (393.100(a)) - **OOS** |
| 19 | June 25, 2016 | PA | Violation of local laws (392.2) |
| 20 | June 25, 2016 | PA | Violation of local laws (392.2) |

Defendant Gisca obtained his Commercial Driver's License ("CDL") on July 28, 2015, twenty days after his twenty-first birthday. See Exhibit A at P. 24, Li. 23 – P. 25, Li. 2. He worked for two other motor carriers before he was hired by Defendant HMD in August of 2016. Id. at P. 29, Li. 16 – 19, P. 32, Li. 12 – 14, P. 25, Li. 3 – 16, P. 26, Li. 11 – 22. Above is a table reflecting Defendant Gisca's driving history during that time. See Gisca Depo. at Exhibit 7; a copy of which is attached hereto as Exhibit B. Defendant Gisca confirmed the accuracy of this table at his deposition. See Gisca Depo. at P. 71, Li. 24 – P. 72, Li. 8.

Defendant HMD's Knowledge

Defendant Gisca made sure that HMD was aware of all violations listed on the table above. See Exhibit A at P. 51, Li. 14 – 17, P. 52, Li. 19 – 21. Defendant

HMD admits to knowing about nineteen of the violations listed on the table above at the time they hired Defendant Gisca. See Deposition of HMD at P. 34, Li. 21 – 24; a copy of which is attached hereto as Exhibit C.

Defendant HMD's Internal Policies Regarding Driver Qualification

Defendant HMD did not have any hiring criteria in place at the time Defendant Gisca was hired but they did have policies governing driver retention. See Depo. of HMD/Exhibit C at Exhibit 26; a copy of which is attached hereto as Exhibit D. See also Exhibit C at P. 30, Li. 4 – 9. Below is the pertinent excerpt relating to "Unsafe Driving/Moving Violations"

**CONSEQUENCES OF NON-COMPLIENCE**

Violations resulting in company safety record increase will result in $250 - $1000 fine. Drivers who do not comply with federal and state regulations, as well as the company policies, will be subject to the following corrective action:

**b. Unsafe Driving / Moving Violations**

____1st offense - required to attend a safety training: fine $250-$1000

____2nd offense - one week suspension: fine $250-$1000

____3rd offense - Contractor Disqualification

As shown above, under HMD's own policy, a driver is **disqualified** from driving for HMD (meaning they are to be terminated) if they have **three or more instances** of **unsafe driving/moving violations** in a **three-year period**. See Depo of HMD at P. 30, Li. 10 – P. 32, Li. 5. HMD admitted at its deposition that it would have to consider termination as an option for a driver with repeat violations like those

reflected on Defendant Gisca's driving history. See Exhibit C at P. 41, Li. 1 – P. 42, Li. 4, P. 35, Li. 12 – P. 36, Li. 7. As reflected in the excerpt below, Defendant HMD knows that it should not have allowed Defendant Gisca to driver for them given his driving history:

> If Mr. Gisca was hired by HMD and then over the course of the next two-year period he received those violations, all 19 of the violations you were aware of, and he gave the explanations that he gave yesterday to you when you asked him about it as a company, would that be someone that you would allow to continue to drive for HMD?
>
> A. He would have -- he would have to go through the certain trainings after those accidents.
>
> Q. But you would still allow him to continue to drive?
>
> A. I cannot answer this question.

See Exhibit B at P. 47, Li. 9 – 20.

## III. STANDARD OF REVIEW

### A. SUMMARY JUDGEMENT STANDARD

A party is entitled to summary judgment **only** if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). "A party moving for summary judgment has the burden of showing that there is no genuine issue of fact." Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir.1990). An issue of fact "is 'genuine' if the record taken as a whole

could lead a rational trier of fact to find for the nonmoving party. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). In considering a motion for summary judgment, the district court shall "construe the facts and draw all reasonable inferences in the light most favorable to the non-moving party." See Pipkins v. City of Temple Terrace, Fla., 267 F.3d 1197, 1199 (11th Cir. 2001) *citing* Wideman v. Wal–Mart Stores, Inc., 141 F.3d 1453, 1454 (11th Cir.1998). See also Oatman v. Augusta Collection Agency, Inc., No. CV 118-089, 2019 WL 6770678, at *5 (S.D. Ga. Dec. 11, 2019) *citing* Shuler v. Ingram & Assocs., 441 F. App'x 712, 717 (11th Cir. 2011). "[A]ll reasonable doubts about the facts should be resolved in favor of the nonmoving litigant." Westlake v. Abrams, 565 F. Supp. 1330, 1338 (N.D. Ga. 1983).

A defendant seeking summary judgment on claims of negligence faces an especially difficult task because "[c]ustomarily in order for a motion for summary judgment to be granted in a negligence action, the case must be plain, palpable, and indisputable." Halilovic v. Penske Truck Leasing, 287 Ga. App. 215, 216 (2007). "Whether there has been negligence" is a "question[] of fact for jury resolution, except where the circumstances are such that they will support but one result." Underwood v. Select Tire, Inc., 296 Ga. App. 805, 811 (2009).

### B. GEORGIA LAW AND FEDERAL REGULATIONS APPLY

This case is pending in federal court on the basis of diversity jurisdiction; therefore, the court must apply the substantive law of the state of Georgia. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1938). The Federal Motor Carrier Safety Regulations also apply to Defendants HMD and Gisca as Defendant Gisca was operating in interstate commerce at the time of the subject collision. See 49 C.F.R. § 390.3(a); 49 C.F.R. § 390.3(e); and 49 C.F.R. § 392.1.

## IV. ARGUMENT AND CITATION OF AUTHORITY

The Court should deny Defendants' Partial Motion for Summary Judgment because there are genuine issues of fact and the evidence when viewed in a light most favorable to Plaintiff supports a finding that Defendant HMD was negligent in hiring/qualifying, supervising, retaining, and/or entrusting Defendant Gisca[1]. Specifically, Defendant's motion should be denied because:

A. Defendant HMD Has Several Applicable Legal Duties Under Both Federal and Georgia Law that Subject It To Liability for Direct Negligence Claims.

B. The Applicable Legal Authority Conclusively Establishes That The Issue As To Whether Defendant Gisca Was An Unsafe Driver Is To Be Determined By The Jury.

[1] Plaintiff hereby withdraws his claim for negligent training.

C. A Reasonable Jury Could Conclude That Defendant HMD Was Negligent in Hiring, Retaining, and/or Entrusting Defendant Gisca Based on His Questionable Driving History.

D. Defendant HMD's Failure To Follow Its Own Retention Policy Creates A Jury Issue As To Plaintiff's Claims For Negligent Hiring and Retention.

## A. Defendant HMD Has Several Applicable Legal Duties Under Both Federal and Georgia Law that Subject It To Liability for Direct Negligence Claims.

### i. Negligent Hiring, Retention, and Supervision Duties – Georgia Law

Under Georgia law, an employer "has a duty to exercise ordinary care not to hire or retain an employee the employer knew or should have known posed a risk of harm to others." Munroe v. Universal Health Servs., Inc., 277 Ga. 861 (2004). See also O.C.G.A. § 34-7-20. In order to support a claim for negligent retention, supervision or hiring, the plaintiff must show that Defendant "knew or *should have known* of the employee's dangerous propensities." La Croix v. Spears Mattress Co., No. 1:04-CV-1 (WLS), 2005 WL 1924712, at *3 (M.D. Ga. Aug. 10, 2005)(evidence of three moving violations in a six year period was sufficient to create a jury issue as to direct negligence claims) *citing* Smith v. Tony Roberts Trucking, 209 Ga.App. 826, 829, 435 S.E.2d 54 (1993)(emphasis in original).

An employer's conduct is assessed as to "whether the employer knew or should have known the employee was not suited for the particular employment." Coe v. Carroll & Carroll, Inc., 308 Ga. App. 777, 786 (2011). Whether an employee is ill-suited for a particular job does not turn on an employee's propensity to commit

the particular tort that caused a plaintiff's injury. Munroe v. Universal Health Services, Inc., 277 Ga. 861, 863 (2004) ("[W]e disapprove contrary language in those opinions relied upon . . . for the proposition that to prevail on a negligent hiring/ retention claim, a plaintiff must show the defendant employer knew or should have known of an employee's propensity to commit the tortious or criminal act that caused the plaintiff's injury. Such a restrictive and inflexible approach does not square with common sense or tort law and represents a significant departure from precedent of this Court.")

**ii. Negligent Hiring, Retention, and Supervision Duties – Federal Law**

Defendant HMD has additional legal duties regarding hiring that arise out of its status as a motor carrier under the Federal Motor Carrier Safety Regulations ("FMCSRs"). The FMCSRs contained in Title 49 of the Code of Federal Regulations Parts 350, 382, 383, and 390 through 397 have been adopted under Georgia law. See Ga. Comp. R. & Regs. 515-16-4-.01; Solano-Rodriguez v. State, 295 Ga. App. 896, 896, 673 S.E.2d 351, 352 (2009). Every motor carrier "shall…**determine whether that driver meets the minimum requirements for safe driving**." 49 C.F.R. § 391.25(b)(emphasis added). In performing its analysis, the motor carrier "**must consider any evidence that the driver has violated any applicable Federal Motor Carrier Safety Regulations**" and "any evidence that the driver has violated laws governing the operation of motor vehicles, and must give

great weight to violations…that indicate that the driver has exhibited a disregard for the safety of the public." 49 C.F.R. § 391.25(b)(1) and 49 C.F.R. § 391.25(b)(2) (emphasis added). There is nothing in the FMCSRs that instructs a motor carrier to ignore violations because they are equipment violations. Instead, the regulations state that a motor carrier "**must consider**" all violations of the regulations.

**iii. Negligent Entrustment Duties – Georgia Law**

As for negligent entrustment, "liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetence and recklessness." La Croix, *supra citing* Cherry v. Kelly Services, Inc., 171 Ga.App. 235, 319 S.E.2d 463 (1984).

**B. The Applicable Legal Authority Conclusively Establishes That The Issue As To Whether Defendant Gisca Was An Unsafe Driver Is To Be Determined By The Jury.**

Given that Georgia courts have followed the restrictive Respondeat Superior Rule that was only recently abrogated by Quynn v. Hulsey, 850 S.E.2d 725, 310 Ga. 473 (2020), there is a lack of case law analyzing negligent hiring, retention, supervision, and entrustment claims under a negligence standard. What is clear from

the available case law is that the determination as to whether a person was a safe or competent driver is a fact issue for a jury to decide.

"[T]he question of whether [the defendant driver] was a safe driver or not **is a question for the jury, not a question for the Court on a motion for summary judgment**." La Croix v. Spears Mattress Co., No. 1:04-CV-1 (WLS), 2005 WL 1924712, at *3 (M.D. Ga. Aug. 10, 2005)at *3 (emphasis added). "It follows that **a jury must resolve the issues of whether [a defendant driver]'s moving violations…indicated that he would be an incompetent driver** and whether [a defendant employer] failed to exercise reasonable care in hiring and retaining him." Coe v. Carroll & Carroll, Inc., 308 Ga. App. 777, 786 (2011) (emphasis added).

### C. A Reasonable Jury Could Conclude That Defendant HMD Was Negligent in Hiring, Retaining, and/or Entrusting Defendant Gisca Based on His Questionable Driving History.

A reasonable jury could conclude that Defendant Gisca's driving record shows a propensity to violate traffic/driving laws such that he posed an unreasonable risk of harm to the public. The fact that he accrued twenty citations/instances of violations of state or federal law in such a short period of time shows that he cannot consistently operate a vehicle in a safe and reasonable manner. Seven of his citations/violations were serious enough to rise to the level of him being placed immediately out of service – meaning that he was no longer legally able to drive without first rectifying the violation.

The record conclusively establishes that Defendant HMD knew about Defendant Gisca's driving history at the time they hired him. See Exhibit A at P. 51, Li. 14 – 17, P. 52, Li. 19 – 21; Exhibit C at P. 34, Li. 21 – 24. Therefore, the only remaining inquiry as to whether Defendant HMD was negligent in hiring, qualifying, retaining, supervising, and/or entrusting Defendant Gisca is whether his driving record establishes that he posed a risk of harm to others, had dangerous propensities, was an unsafe driver, was not suited for professional driving, and/or was an incompetent driver. His twenty violations over a twenty month period including seven out of service violations is more than enough to support Plaintiff's direct negligence claims.

As a motor carrier, Defendant HMD had the additional legal duty to annually determine whether Defendant Gisca's driving record establishes that he can "meet the minimum requirements for safe driving." The fact that he had twenty citations/violations in the twenty months prior to being hired by Defendant HMD. Under the FMCSRs, Defendant HMD was legally required to consider each and every one of these citations because they involved violations of the regulations. Yet, Defendant HMD's corporate representative testified that the company ignored the vast majority of the violations. See Exhibit C at P. 40, Li. 3 – 11. Each one of these citations/violations met the definition of "conviction" contained in 49 C.F.R. § 390.5 because Defendant Gisca's testimony established he paid the fines (See Exhibit A at

P. 54, Li. 3 – 8, P. 57, Li. 6 – 7, and P. 63, Li. 5 – 6) and/or that the violations were legitimately issued (See Exhibit A at P. 67, Li. 7 – 10, P. 67, Li. 15 – 22, P. 68, Li. 5 – P. 69, Li. 17, and P. 69, Li. 18 – 25, P. 64, Li. 12 – P. 65, Li. 23).

**D. Defendant HMD's Failure To Follow Its Own Retention Policy Creates A Separate Jury Issue As To Plaintiff's Claims For Negligent Hiring, Retention, and Supervision.**

One way an employer fails to take reasonable care in hiring is by violating its own policies. W. Indus., Inc. v. Poole, 280 Ga. App. 378, 382 (2006); Patterson v. Southeastern Newspapers, Inc., 243 Ga. App. 241, 243 (2000). "[E]ven if an employer complied with federal regulations, it can still be liable for negligent hiring if it violated its own hiring policy." Karr v. Celadon Trucking Servs., Inc., No. 1:16-CV-02587-LMM, 2017 WL 11084520, at *5 (N.D. Ga. Nov. 3, 2017) *citing* W. Indus., Inc. v. Poole, 280 Ga.App. 378, 382, 634 S.E.2d 118, 122-23 (2006) (upholding denial of summary judgment on negligent hiring claim where plaintiff produced evidence from which a jury could reasonably conclude that defendant failed to take reasonable care when it violated its own policy of obtaining a prospective employee's driving record); Patterson, 533 S.E.2d at 123 (explaining that employer's failure to follow its own investigative procedures could support a negligent hiring claim).

In this case, Defendant HMD has internal policies governing driver qualification. See Exhibit D. Per HMD's own policy, a driver with three or more

instances of "unsafe driving/moving violations" in a three-year period is disqualified from driving and will be terminated. Id. Defendant Gisca had twenty instances of unsafe driving/moving violations in the twenty months prior to being hired. Therefore, under HMD's own policy, he would not be qualified to drive and should have never been hired in the first place.[2] See Exhibit C at P. 41, Li. 1 – P. 42, Li. 4, P. 35, Li. 12 – P. 36, Li. 7. Defendant HMD's failure to follow its own policies regarding driver qualification is further support for Plaintiff's negligent hiring, retention, and supervision claims.

## CONCLUSION

Defendants' motion for partial summary judgment should be denied because the evidence when viewed in a light most favorable to Plaintiff establishes that Defendant Gisca's driving history shows he had a propensity for dangerous and unsafe driving; Defendant HMD knew about Defendant Gisca's driving history and numerous violations of federal and state laws; and, in spite of this, Defendant HMD decided to hire/retain/entrust him anyway in breach of its legal duties under state and federal law and in contrast to its own policies regarding driver qualification. This

[2] There are two reasons why any claim by Defendants that most of these violations are maintenance related and not "moving violations" under this policy fails. First, HMD's corporate representative agreed that maintenance violations would count under the policy. See Exhibit C at P. 36, Li. 3 – 7. Second, Defendant Gisca is still not qualified under this policy because his history includes three non-maintenance citations for failure to wear a seatbelt, illegal u-turn, and following too close.

conduct when viewed in a light most favorable to Plaintiff could lead a reasonable jury to conclude that Defendant HMD was negligent in hiring, qualifying, supervising, retaining, and/or entrusting Defendant Gisca. Accordingly, Defendants' motion should be denied.

Submitted this 11th day of May, 2021.

**FRIED GOLDBERG LLC**

*/s/ Brian T. Mohs*_______________
Brian T. Mohs
Georgia Bar No. 228033

Three Alliance Center
3550 Lenox Road, N.E., Suite 1500
Atlanta, GA 30326
Telephone: 404-591-1800
Facsimile: 404-591-1801
Email: BRIAN@FRIEDGOLDBERG.COM

**COOPER F. SPENCE**
**ATTORNEY at LAW, LLC**

*/s/ Cooper F. Spence*____________
Cooper F. Spence
Georgia Bar No. 886549
5447 Roswell Road, NE
Atlanta, Georgia 30342
Telephone: 678-310-6127
E-Mail: COOPER@COOPERSPENCELAW.COM

*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1(C). This document has been prepared in Times New Roman font, 14 point.

**FRIED GOLDBERG LLC**

*/s/ Brian T. Mohs*______________
Brian T. Mohs
Georgia Bar No. 228033

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGEMENT** with the Clerk of Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to the following attorneys of record:

Clay S. O'Daniel, Esq. and Matthew R. Johnson. Esq.
O'Daniel McDonald, LLC
8010 Roswell Road, Suite 210
Atlanta, GA 30350-3939

*Counsel for Defendants*

Cooper F. Spence, Esq.
Attorney at Law
5447 Roswell Road
Atlanta, Georgia 30342

*Co-Counsel for Plaintiff*

This 11th day of May, 2021.

**FRIED GOLDBERG LLC**

*/s/ Brian T. Mohs*
Brian T. Mohs
Georgia Bar No. 228033